914 F.2d 1491
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Malcolm GOLSON, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS, Edward W. Murray, Lou Ann White,
David K. Mapp, Jr., Sheriff, Records Clerk,
Norfolk City Jail, Defendants-Appellees.
Malcolm GOLSON, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS, Edward W. Murray, Lou Ann White,
David K. Mapp, Jr., Sheriff, Records Clerk,
Norfolk City Jail, Defendants-Appellees.
 Nos. 90-7344, 90-7345.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1990.
Decided Oct. 2, 1990.
Rehearing Denied Nov. 9, 1990.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-88-879-AM)
 Malcolm Golson, appellant pro se.
 Jeanette Dian Rogers, Office of the Attorney General of Virginia, Richmond, Va., Kevin Keller, Willcox & Savage, P.C., Norfolk, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Malcolm Golson filed this 42 U.S.C. Sec. 1983 action against the Virginia Department of Corrections and its director, Edward D. Murray, seeking damages because he was not credited with time spent in the Norfolk City jail from September 14, 1984, until February 21, 1985.* As a result, Golson claimed to have been released in 1986 some 160 days later than he should have been freed.
 
 
 2
 The Department stated that only when jails notify it that a person has been a jail inmate can it credit jail time against the prisoner's sentence. The Department stated that it was not until 1988, when Golson was again committed to prison, that the jail forwarded to the Department's Court and Legal Services a jail credit form reflecting the time served in the jail from September 1984 to February 1985. The Department credited that time to the sentence which Golson was serving in 1988.
 
 
 3
 On September 25, 1989, Golson moved to amend the complaint to add as defendants certain jail officials. In their motion to dismiss, these defendants argued, among other things, that the action was time-barred as to them.
 
 
 4
 The district court dismissed the action, reasoning that Golson was not harmed because he ultimately received credit for the time spent in the jail from September 14, 1984, to February 21, 1985. The court found that Golson therefore had not stated a claim under Sec. 1983. We affirm, but on other grounds.
 
 
 5
 With respect to the Department of Corrections defendants, Golson cannot recover. Incarceration beyond the termination of one's sentence may state a claim under the due process clause and the eighth amendment. See Sample v. Diecks, 885 F.2d 1099, 1108-15 (3d Cir.1989); Haygood v. Younger, 769 F.2d 1350, 1354-56 (9th Cir.1985) (en banc), cert. denied, 478 U.S. 1020 (1986). However, to recover under the due process clause, a plaintiff msut establish that defendants acted with something more than mere negligence. Daniels v. Williams, 474 U.S. 327, 334 (1986); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). To prevail under an eighth amendment theory, a plaintiff must demonstrate that defendants acted with deliberate indifference. Sample, 885 F.2d at 1110; Haygood, 769 F.2d at 1355.
 
 
 6
 Affidavits, unrefuted by Golson, established that the Corrections Department simply had no way of knowing that Golson was in jail during the period in question. It was only if the jail had notified the Department that the appropriate adjustment could have been made to Golson's sentence. No such notification occurred.
 
 
 7
 It is true that Golson made general inquiries in 1986 as to whether the Department had correctly calculated his sentence. However, none of the documents in the record suggests that Golson specified that he was concerned about time spent in the jail from September 14 to February 21. Golson, in one of his grievances, mentioned only the period from February 22 to April 26 as a specific time spent in the jail that he felt was not properly credited. The Department's examination of its own records revealed that its calculation of Golson's sentence was correct. The Department also informed Golson by letter that if he believed that jail time had not been properly credited, he should contact the jail in question and request that a jail credit form be sent to the Department.
 
 
 8
 We are not prepared to hold that the Department, faced with a general inquiry from Golson about the accuracy of the calculation, had a duty to contact the jail for Golson. Under the circumstances, an examination of its own records was sufficient. We note that nothing in the record suggests that Golson himself asked the jail about this matter.
 
 
 9
 There is in this case no indication that the Department acted with something more than mere negligence or with deliberate indifference to Golson's situation so as to state a claim under Sec. 1983. The Department did all that it could have been expected to do, given the information in its possession prior to Golson's release in late 1986. We therefore affirm the dismissal of these defendants.
 
 
 10
 The Norfolk City Jail defendants moved to dismiss on statute of limitations grounds, arguing that Golson should have been aware as of his release in late 1986 that there was some irregularity in the calculation of his release date. We agree that Virginia's two-year statute of limitations began to run at the latest at the time of Golson's release. The amended complaint was not filed until September 25, 1989, outside the two-year period. Under Fed.R.Civ.P. 15(c), the amendment does not relate back to the time of the original complaint's filing because the jail defendants did not receive notice of the institution of the suit within the limitations period. Thus, Golson's complaint against these defendants was time-barred. We accordingly affirm their dismissal.
 
 
 11
 As our review of the record and other materials before us reveals that it would not aid the decisional process, we dispense with oral argument. The judgment is affirmed.
 
 AFFIRMED
 
 
 *
 Time spent in the jail from February 22-April 26, 1985, was credited